S. SCHULEIN COMPANY et al., Appellees, v. MEYER LIPSCHUTZ & SONS & MUSHKIN et al., Appellants.

No. 39710.

OCTOBER 22, 1929.

*A. H. Bolton* and *L. B. Forsling,* for appellants.

*Oliver & Pickus,* for appellees.

KINDIG, J.—On November 18, 1926, the plaintiffs-appellees

secured personal judgment in the Woodbury County district court against the defendant-appellant Milton Mushkin for $1,236, in addition to interest and costs. Execution duly issued, and the same was returned by the sheriff, marked "nothing found." Proceedings auxiliary to execution were duly had, and the appellant Mushkin was examined, but disclosed no assets or property. Thereupon the present proceeding was commenced by the appellees in equity, to set aside a bill of sale given by the appellant Mushkin to the appellant Louis Lipschutz for the following property:

"All his [appellant Mushkin's] interest in the cases, stock, fixtures and furnishings of those clothing stores heretofore operated by the grantor [appellant Mushkin] in copartnership with M. Lipschutz, Louis Lipschutz or Maurice Lipschutz [appellants] at premises No. 411 and 620 4th St., Sioux City."

The conveyance aforesaid was dated November 19, 1925. It is the claim of appellees that the transaction just described was without consideration, and made for the purpose of defrauding, hindering, and delaying creditors. At the time thereof, appellees were the creditors of the appellant Mushkin under a lease for certain real estate in Sioux City. Rentals thereunder were due as follows: $600 November 5, 1925, and $600 one year thereafter. Hence at least $600 of said rents had matured at the time the bill of sale above named was executed. Such rentals afterward formed the basis for the judgment before mentioned.

In opposition to appellees' contention, the appellants claim that the contract of sale was based upon a good consideration, and that the same is without fraud and in all respects regular. Upon the issues as thus joined, the district court, as before explained, found for the appellees. Therefore it is maintained by the appellants that such conclusion is not well founded either in fact or law.

I. There is presented here for consideration the sufficiency of the evidence, under the law, to sustain the conclusion reached by the district court; for there is little dispute between the parties concerning the legal principles involved. So far as material, the additional facts are: Appellant Meyer Lipschutz is the father of the appellants Louis and Morris Lipschutz, and the father-in-law of the appellant Milton Mushkin. They en-

tered into business together as copartners at an uncertain period in the early part of 1925. Three Sioux City clothing stores are involved in the record. By trade name, they are designated as "The Fashion Store," "Morey's," and "Grayson's." Each place of business is located in a different block on Fourth Street within said city. That establishment known as "The Fashion Store" is not affected by this litigation, because, under the evidence, it clearly belongs to the appellant Meyer Lipschutz, and never was a partnership asset. Thus further attention will be directed to the status of the two stores known respectively as "Morey's" and "Grayson's." Are these two business places the property of the partnership, regardless of the purported transfer, as evidenced by the written bill of sale? This is the question.

Mushkin and the Lipschutzes all say that the former never had an interest in Morey's, but for a time before November 19, 1925 (the sale date), he was a member of the partnership known as Meyer Lipschutz & Sons & Milton Mushkin, which firm owned the store known as "Grayson's." His interest therein was an undivided one-fourth share. However, appellant Mushkin contends that he did not like the clothing business, could not get along with the three Lipschutzes, and therefore sold out to Louis, in the manner and way above set forth, for a consideration of approximately $3,000, which, it is asserted, was paid by Louis from the firm funds to the Sioux National Bank, for the purpose of satisfying an indebtedness held there against said vendor. Contradiction of appellant's statements in that regard is not found so much in direct testimony as in the circumstantial evidence involved in the general situation. After carefully studying such evidence, however, we are inclined to feel that the trial court was warranted in concluding that the sale was made without consideration, and the transfer perpetrated for the purpose of hindering and defrauding creditors.

To begin with, the conveyance took place soon after the first $600 was due appellees for their rent. Under the circumstances, there can be no doubt that all the appellants knew of this indebtedness at the time the bill of sale was made and delivered. Involved in the transaction were the son-in-law, the father, and two sons, as before indicated. These people all lived together in the father's home. After appellant Mushkin is supposed to

have quarreled with his partners, he remained, nevertheless, in the store, as a clerk on a salary. Moreover, he and his wife, Meyer Lipschutz's daughter, continued thereafter living in the Lipschutz home. Notwithstanding the fact that appellant Mushkin said he did not like the business, no change of occupation was made.

During the trial of this cause, it appears that appellant Mushkin was still at the store, although that date was more than two years after the pretended sale. Much doubt arises concerning the purchaser from Mushkin. Sometimes Mushkin said the buyer was Louis Lipschutz, and then again he suggested that the vendees were Louis and Meyer. Even though the bill of sale names Louis, the Lipschutzes maintain that the three of them are in fact the vendees. Payment of the consideration to Mushkin was not made by Louis from his personal funds, but rather, such money was obtained from the partnership itself. Consequently, the alleged purchase price must have come from the firm account, in which Mushkin owned an undivided one-fourth interest.

Likewise, striking inconsistency appears when the amount of the consideration is regarded. According to credit statements made by the partnership to R. G. Dun & Co. on December 3, 1925, Mushkin's interest in Grayson's was approximately $5,500, and his share in Morey's was over $8,500. Wherefore, in the aggregate, Mushkin's interest in the partnership must have been in excess of $14,000. Yet Mushkin claims to have sold to the Lipschutzes for the insignificant sum of $3,000. Argument is made by appellants that said credit statement was not admissible in evidence. Apparently this statement was prepared by Louis Lipschutz, and was signed by the father, Meyer Lipschutz. Resultantly, so far as these writings relate to Louis and Meyer Lipschutz, they were admissible in evidence, because they were prepared by one and signed by the other of those men. Regarding those written reports, Meyer Lipschutz testified:

"These financial statements and reports are true and correct, to the best of my knowledge. All the statements they contain are true and correct."

Also, then, under the circumstances, so far as the statements related to the value of the property, the partners concerned, and

the stores involved, they were admissible as against the other partners, when taken in conjunction with the testimony of Meyer Lipschutz, who said ·that the information therein contained was true and correct. Such is the case, not because the documents were financial statements alone, but for the reason that they became a part.of the testimony of Meyer Lipschutz. Contrary to what the appellants assert, said financial reports, as well as the bill of sale, disclose and indicate that Milton Mushkin, at the time the purported transfer took place, was a partner, and as such, interested in both the Morey and Grayson stores. Furthermore, no change in the partnership name was made after the sale, and, as before related, appellant Mushkin at all times continued his duties at the stores.

Evidently for the purpose of proving a low value for the property at the time of the alleged sale, appellants offered certain pretended ledger sheets. Appellee contends that they are mere copies, prepared for the occasion, and not admissible in evidence. Seemingly these exhibits are copies, and the proper foundation was not laid for their introduction into the record. Nevertheless, even if these sheets were admissible, they would injure, rather than sustain, appellants' cause, because it is apparent that they were made, not as the accounts arose, from period to period, but at one time, no doubt in preparation for the trial; for the kind of ink used does not appear elsewhere in appellants' record until the year 1928, and the accounts involved relate to previous years. Formerly another kind of ink was utilized.

Strikingly disclosed throughout the record, also, is the fact that the appellants were not frank and willing witnesses, but that they hesitated and evaded, and endeavored to avoid questions. Necessarily we are constrained to hold that, upon the whole record, Mushkin did not make the alleged sale to the Lipschutzes, but that the bill of sale was given as a mere pretense, for the purpose of hindering and delaying Mushkin's creditors, under a scheme entered into by all the appellants. Undoubtedly the purported consideration of $3,000 paid to the Sioux National Bank was appellant Mushkin's portion of the partnership profits, or an advancement to him from the firm. At the time of the trial in the district court, appellant Mushkin in fact was still a partner with the Lipschutzes in the firm aforesaid, which owned both the Morey and Grayson stores. Except for this

partnership interest, Mushkin had no property of any kind when the conveyance was made. During the period since that transaction, Mushkin likewise has been insolvent, but for his share in said firm. Taking all the facts and circumstances into consideration, therefore, appellee was entitled to have the alleged sale set aside, and its judgment satisfied from Mushkin's interest in the copartnership.

In arriving at this conclusion, it was not done merely because the parties were related. Consideration, however, may be given to such relationship. *Erusha v. Wisnewski*, 207 Iowa 1187. Therein we said:

"It [the relationship] may strengthen the inference of fraud, but such element itself does not arise through that relationship alone."

The relationship is merely a circumstance, to be considered with other facts and instances.

II. A part of the court's judgment and decree gave the appellees a personal judgment against each appellant for the sum of $1,410.24, with interest and costs. Authority for so doing may be found, appellees declare, in the following cases: *Davis & Co. v. Gibbon*, 24 Iowa 257; *Carnall v. Kramer*, 194 Iowa 359; *Pratt Paper Co. v. Eiffler*, 196 Iowa 199. Careful study of those decisions, however, reveals a distinction between the facts involved therein and those presented in the case at bar. Generally speaking, the citations relate to cases where one party has mingled with his own property that which was owned by, or on which there was a lien belonging to, another. An accounting in those events was required. Identity was impossible, and the commingling was unlawful. Before us, however, in the present controversy there is a different situation. There was no commingling by appellants here. · No property has been changed, or what belonged to one mixed with that of another. Partnerships in their very nature are composed of undivided or undetermined interests, and the amount belonging to a single member cannot be known until there has been an accounting and the "winding up" of the business. When applying that principle here, we find the two stores before the sale were held by a copartnership, and they are still so re-

tained. Mushkin, the appellant, never owned any particular property except his interest in the firm, but at all times, as a partner, he was entitled to an undetermined interest, subject to the debts of the firm and the rights of the individual partners. Certainly, then, there is no ground in this record upon which to base a personal judgment against the three Lipschutzes on the theory of conversion or commingling. Thus, to the extent that personal judgment was allowed against Meyer, Louis, and Morris Lipschutz, the trial court was mistaken.

Modification of the judgment and decree appealed from is hereby made, so as to exclude that personal judgment against the Lipschutzes. Otherwise it is affirmed. However, appellees are hereby permitted to proceed, if they so elect, under the provisions of Sections 11680 and 11681 of the 1927 Code.—*Modified and affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, and GRIMM, JJ., concur.